UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADAM DAVIS,

Petitioner,

v.

SCOTT RUSSELL,

Respondent.

CASE NO. C12-5645 RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR:

DECEMBER 21, 2012

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The District Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction. Petitioner filed his petition pursuant to 28 U.S.C. § 2254.

The Court recommends denying the petition. Petitioner has failed to properly exhaust his ground for relief because he did not raise it as a federal issue at all levels of review (ECF No. 12, Exhibit 2 and 8). The petition cannot return to state court and the petition is procedurally barred.

BASIS OF CUSTODY

Petitioner was originally charged with forty-six separate felonies (ECF No. 12, Exhibit 5, page 1). Petitioner pled guilty to twenty-five felonies in a consolidated plea agreement in Thurston County Superior Court (ECF No. 12, Exhibit 1). On February 16, 2010, the Thurston County Superior Court imposed a sentence of two hundred and forty-eight months (ECF No. 12, Exhibit 1).

FACTS

The Washington State Court of Appeals summarized the facts as follows:

> Adam Davis seeks relief from personal restraint imposed as a result of his 2010 plea of guilty to first degree burglary while armed with a deadly weapon. The State charged him with 46 felonies, including 17 counts of second degree burglary, three counts of first degree theft, one count of first degree burglary while armed with a deadly weapon, 21 counts of theft of a firearm, two counts of first degree unlawful possession of firearm, one count of first degree trafficking in stolen property and one count of possessing a stolen firearm. As part of a plea agreement, Davis agreed to plead guilty to one count of first degree burglary while armed with a deadly weapon, four counts of first degree theft, 17 counts of second degree burglary, one count of first degree trafficking in stolen property, one count of possessing a stolen firearm and one count of second degree possession of stolen property. Davis agreed that the trial court could consider the certificate of probable cause in determining whether factual bases existed for his pleas of guilty.
>
> Davis now seeks to withdraw his plea of guilty to first degree burglary while armed with a deadly weapon, but does not wish to withdraw his pleas of guilty to the other 24 crimes. He argues that (1) there was no factual basis for his plea of guilty to first degree burglary while armed with a deadly weapon, (2) he was denied effective assistance of counsel in being advised to enter that plea, and (3) the trial court abused its discretion in accepting that plea in the absence of a factual basis.
>
> First, because his plea of guilty to first degree burglary while armed with a deadly weapon was part of indivisible plea agreement, even if his arguments had merit, his remedies are limited to either withdrawing his pleas of guilty to all counts or to specific performance of the plea agreement. *State v. Bisson*, 156 Wn.2d 507, 519, 130 P.3d 820 (2006). He cannot withdraw just his plea of guilty to one count. *Bisson*, 156 Wn.2d at 519.
>
> Second, the certificate of probable cause contains a factual basis for Davis's plea of guilty to first degree burglary while armed with a deadly weapon. He broke into J&S Guns, took 22 firearms and removed them from the store. By

> breaking into the gun store and taking firearms from the store, he was guilty of first degree burglary while armed with a deadly weapon, even though the firearms were not loaded. RCW 9A.52.020(1); RCW 9A.04.110(6); *State v. Faille*, 53 Wn. App. 111, 114-15, 766 P.2d 478 (1988). The trial court did not err in accepting his plea of guilty to first degree burglary while armed with a deadly weapon.

(ECF No. 12, Exhibit 5).

## PROCEDURAL HISTORY

Petitioner did not file a direct appeal. Petitioner filed a personal restraint petition in the Washington Court of Appeals. (ECF No. 12, Exhibit 2). Petitioner raised the following issues:

1) No factual basis to support that petitioner was armed with a deadly weapon for the purpose of first degree burglary and a firearm sentencing enhancement.
2) Petitioner was denied effective assistance of counsel.
3) Petitioner's plea to count 1, burglary in the first degree while armed with a deadly weapon and firearm sentencing enhancement, is not valid.
4) Court abused its discretion by accepting [a] plea to factually deficient charge.

(ECF No 12, Exhibit 2). Petitioner included a copy of the certificate of probable cause as an exhibit to his personal restraint petition (ECF No. 12, Exhibit 2, (Exhibit 6)).The State filed a response and petitioner replied (ECF No. 12, Exhibit 3 and 4). Petitioner then filed an identical personal restraint petition, which the Washington State Court of Appeals consolidated with his first petition. *See* (ECF No. 12, Exhibits 6, and 7). The Acting Chief Judge of the Washington Court of Appeals issued an order dismissing the consolidated petition as frivolous (ECF No. 12, Exhibit 5).

Petitioner filed a motion for reconsideration, which the Washington Supreme Court considered as a motion for discretionary review (ECF No. 12, Exhibit 8). Petitioner's motion raised the following issue:

> Davis maintains Count I, Burglary in the First Degree and the adjoined Firearm Enhancement are unjust. Furthermore, they are inconsistent with the Supreme

      > Court Majority ruling in *State v. Brown*, 173 P.3d 245, 162 Wa.2d 422 (2007); a similar case with congruent Corpus Delicti issues to Davis.

(ECF No. 12, Exhibit 8, page 1). The Commissioner of the Washington State Supreme Court denied review, holding that the motion was without merit (ECF No. 12, Exhibit 9). Petitioner filed a motion to modify the Commissioner's ruling. The Washington State Supreme Court denied that motion without comment (ECF No. 12, Exhibits 10 and 11). Respondent has provided this Court with copies of both the statement of defendant on his guilty plea, and the verbatim transcript of the plea (ECF No. 12, Exhibits 13 and 14).

Respondent interprets plaintiff's ground for relief as being that petitioner's "guilty plea to the crime of First Degree Burglary With A Deadly Weapon was involuntary because there was no factual basis for the plea." (ECF No. 11, page 4). The Court broadly interprets plaintiff's ground for relief as a possible violation of his Fifth and Fourteenth Amendment right to due process because of the state court's refusal to apply the holding of *State v Brown*, 162 Wn. 2d 422, 173 P.3d 245 (2007) (ECF No. 5, pages 5 and 6). In any event, plaintiff's ground for relief was not raised as a federal claim at all levels of review and it is procedurally barred.

## EVIDENTIARY HEARING NOT REQUIRED

Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for

constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, there are no factual issues that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, this Court concludes that an evidentiary hearing is not necessary to decide this case.

STANDARD OF REVIEW

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Engle v. Isaac*, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a) (1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991); *Lewis v. Jeffers*, 497 U.S. 764 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

DISCUSSION

A. Exhaustion and Procedural bar.

As a threshold issue, the Court must determine whether or not petitioner has properly presented his federal habeas claim to the state courts. 28 U.S.C. § 2254(b)(1) states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that:
> (A) the applicant has exhausted the remedies available in the courts of the state; or
> (B) (i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

To exhaust state remedies, petitioner's claim must have been fairly presented to the state's highest court. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*citing Picard*, 404 U.S. at 275). Petitioner must have exhausted the claim at every level of appeal in the state courts. *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992). Petitioner must present the claims to the state's highest court, even if such review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Larche v. Simons*, 53 F.3d 1068, 1071 (9th Cir. 1995).

In order for procedural bar to apply, petitioner must be precluded from returning to state court to cure the defect in his pleadings. Here, petitioner has filed one round of collateral challenges through personal restraint petitions. RCW 10.73.140 would bar petitioner from filing

a second or successive collateral challenge to his conviction. The Court concludes that petitioner cannot return to state court and thus, cannot cure any procedural defects in his pleadings.

B. Petitioner's ground for relief was not properly exhausted and is now procedurally barred.

If respondent is correct, then the ground for relief before the Court is that there was no factual basis for the guilty plea on charge of first degree burglary while armed with a deadly weapon. When petitioner presented this ground for relief to the Washington State Supreme Court, he did not specifically state that he was raising a federal claim (ECF No. 12, Exhibit 8). Further, in denying review, the Washington State Supreme Court Commissioner did not address the issue as a federal claim. The Commissioner simply noted that the certificate of probable cause "recites a factual basis for his guilty plea to burglary while armed with a deadly weapon" because petitioner broke into a gun shop and stole twenty-two firearms. (ECF No. 12, Exhibit 9, page 2).

Petitioner must have exhausted the claim at every level of appeal in the state courts. *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (*citing Picard*, 404 U.S. at 275 *and Anderson v. Harless*, 459 U.S. 4 (1982)). If respondent has correctly stated the ground for relief, then it is procedurally barred because it was not raised as a federal claim before the Washington State Supreme Court.

The Court has broadly construed plaintiff's claim to include a federal claim and notes that plaintiff may be claiming a due process violation for the state court's alleged failure to follow the holding of *State v Brown*, 162 Wn. 2d 422, 173 P.3d 245 (2007). While *State v Brown* was cited by petitioner in his personal restraint petition, (ECF No. 12, Exhibit 2, pages 8 and 14), it is cited

as authority for other claims and not as a separate federal due process ground for relief. Thus, the ground for relief was not squarely placed before the Washington State Court of Appeals as a federal claim. Nor did the Washington State Court of Appeals recognize this as a federal claim. Since the policy behind this exhaustion requirement is to give state courts a fair opportunity to address the federal issue before it comes to federal court, *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*citing Picard*, 404 U.S. at 275), it is incumbent on plaintiff to provide the state court with sufficient notice to present the federal issue squarely before the state court. Petitioner failed to do so here. The ground for relief is, therefore, procedurally barred.

In addition, *Brown* is distinguishable from the current case. *State v Brown*, 162 Wn. 2d 422, 173 P.3d 245 (2007). In *Brown,* two men -- Mickey and Lenny Brown -- burglarized a home residence. One of the two men appears to have moved an unloaded rifle from a closet to a bed and there was a pistol under the bed. But there was no evidence which of the two men did this. Neither firearm was removed from the home. Review of the record in *Brown* showed that there was evidence that the rifle had been moved, but nothing more. *State v Brown* 162 Wn. 2d at 431. In contrast, petitioner admits to breaking into the J&S gun shop and removing twenty-two firearms (ECF No. 12, Exhibit 2 attached certificate of probable cause). Thus, the firearms were removed and there is evidence they were actually in petitioner's possession. Therefore, *Brown* raises issues not relevant to this case because there is a factual basis for the conclusion that petitioner committed first degree burglary while armed with a deadly weapon.

C. Cause and prejudice and miscarriage of justice.

Petitioner may avoid procedural default by either showing "cause and prejudice;" or that failure to examine his claim on the merits will result in a miscarriage of justice. "Cause" exists when the state prevents petitioner from filing a proper petition. "Prejudice" is when petitioner

was prevented from presenting a claim of constitutional magnitude. In other words, to show cause, petitioner must show that some objective factor, external to the defense, prevented petitioner from complying with state procedural rules relating to the presentation of petitioner's claims. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (*citing Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Petitioner must show that the alleged errors were of constitutional dimensions and worked to petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). The mere possibility of prejudice is not enough. *Id.* Petitioner presents no facts showing cause or prejudice in this case.

Also, a petitioner who would be otherwise procedurally barred from bringing a federal habeas claim may be able to obtain habeas review if petitioner can come forward with sufficient proof of his actual innocence of the crime charged and convicted. This would bring him "within 'the narrow class of cases...implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (*quoting McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).

Plaintiff has made no showing that he was actually innocent of the crimes for which he was charged and convicted. Petitioner has failed to demonstrate that there has been a fundamental miscarriage of justice. Therefore, the Court concludes that petitioner has no exception that would prevent procedural default. The Court recommends that this petition be dismissed as procedurally defaulted.

CERTIFICATE OF APPEALABILITY

Petitioners seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. The Court may issue a certificate of only if petitioner has

made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner can satisfy this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 63(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on December 21, 2012, as noted in the caption.

Dated this 23rd day of November, 2012.

J. Richard Creatura
United States Magistrate Judge